IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00678-DDD-KAS

MICHAEL LAWRENCE,

    Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT NO. 5,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's **Motion to Dismiss** [#12] (the "Motion"). Plaintiff, who proceeds in this matter pro se,[1] filed a Response [#14] in opposition, and Defendant filed a Reply [#15]. The Motion [#12] has been referred to the undersigned for recommendation. *See Order Referring Motion* [#13]. The Court has reviewed the briefs, the entire case file, and the applicable law. For the following reasons, the Court **RECOMMENDS** that the Motion to Dismiss [#12] be **GRANTED** and that Plaintiff's Complaint [#1] be **DISMISSED WITH PREJUDICE**.

---

[1] Generally, the Court must liberally construe a pro se litigant's filings. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). However, this general rule does not apply to legally trained pro se litigants—even if they have been disbarred from practicing law. *Cf. McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) (stating that pro se plaintiff was "not entitled to have his filings liberally construed because he is a trained attorney.") (citing *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007)). Here, Plaintiff is a disbarred former attorney. *See People v. Lawrence*, No. 19PDJ061, 2019 WL 8503308 (Colo. O.P.D.J. Oct. 2, 2019) (denying this Plaintiff's petition for readmission to the practice of law). Therefore, the Court "see[s] no reason to hold [Plaintiff] to a less stringent standard than other legally trained individuals." *McNamara*, 570 F. App'x at 743 n.2.

## I. Background

This employment discrimination claim arises from Defendant Cherry Creek School District No. 5's alleged refusal to hire Plaintiff Michael Lawrence following a criminal background check. *See Statement of Claims* [#1-2], ¶¶ 9-11. Plaintiff alleges that on or about January 18, 2024, he applied to work for Defendant as a cook. *Id.*, ¶ 4. After a successful interview, Defendant asked Plaintiff to provide references. *Id.*, ¶ 6. Based on feedback from the references, Defendant offered Plaintiff a job that was "conditioned on passing a criminal background check." *Id.* Plaintiff accepted the job and arrived at the School District's office for fingerprinting as part of his criminal background check. *Id.*, ¶ 7. Plaintiff requested that the criminal background check only go back seven years, but Defendant did a "life-long criminal background check." *Id.*, ¶¶ 7, 8. Defendant subsequently informed Plaintiff that it had found records of three arrests from twelve to fifteen years ago and "insisted the [P]laintiff explain what happened with the three arrests." *Id.*, ¶ 9. Plaintiff declined; thus, Defendant withdrew its offer of employment. *Id.*, ¶¶ 10, 11. Plaintiff alleges that Defendant "apparently has an employment policy that bars employment to anyone who has ever been arrested." *Id.*, ¶ 14.

Plaintiff, who alleges he is Hispanic, contends that "barring people from employment based on nothing more than arrest records is a violation of Title VII." *Id.*, ¶¶ 15, 16 (citation omitted).[2] He alleges that such policies have a disparate impact on minorities, who "are arrested far more often than the majority population[.]" *Id.*, ¶ 18; *see*

---

[2] Here and in other places, Plaintiff's sets forth his legal opinions, but "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions[.]'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, the Court discusses Plaintiff's legal theories to the extent they are relevant to his claims but does not automatically accept them as accurate.

*also id*. ¶¶ 19-23. He alleges that Defendant "bars applicants from employment based on their arrest record," which "has a disparate impact on minority members such as the plaintiff" and violates Title VII. *Id.*, ¶ 23.

After Defendant rescinded its job offer, Plaintiff alleges that he "has been in communication with the Denver office of the Equal Employment Opportunity Commission [EEOC]," which informed him that "they are short-staffed and cannot do an intake interview within the next nine months" and that "they would not have the staff to engage in an investigation of the [P]laintiff's claims against the [D]efendant within 300 days of the complained-of conduct." *Id.*, ¶ 45. He asserts that because of the EEOC office's short staffing, he is "excused from engaging in administrative review of this matter before filing suit." *Id.*, ¶ 46. However, he provides no details, such as when he contacted the EEOC office or with whom he communicated, and he has not provided a copy of those communications.

Defendant moves to dismiss with prejudice Plaintiff's Complaint [#1], arguing that it fails to state a claim and that leave to amend would be futile. *Motion* [#12] at 5-8; *Reply* [#15] at 2-3, 5. Alternatively, Defendant argues that Plaintiff's claims are barred for failure to exhaust administrative remedies. *Motion* [#12] at 8-9.

## II. Legal Standards

### A.    Rule 12(b)(6)

Fed. R. Civ. P. 12(b)(6) permits dismissal of a claim where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "A

3

complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When the complaint includes 'well-pleaded allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Carraway v. State Farm & Cas. Co.*, No. 22-1370, 2023 WL 5374393, at *4 (10th Cir. Aug. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. (internal quotation marks omitted). The Court must disregard conclusory allegations, those "in which an inference is asserted without 'stating underlying facts' or including 'any factual enhancement.'" *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1144-45 (10th Cir. 2023) (quoting *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th Cir. 2017). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial[.]" *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

**B.    Materials Outside the Complaint**

The sufficiency of a complaint must usually rest solely on its allegations. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). A few limited exceptions to this rule exist: (1) documents attached to or incorporated by reference in a complaint; (2) documents

4

referenced in the complaint if they are central to the plaintiff's claim and the parties do not dispute their authenticity; and (3) matters of which a court may take judicial notice. *Id.* (citations omitted).

A court may take judicial notice of its own orders, administrative and agency documents, other civil lawsuits, and criminal convictions without converting a motion to dismiss into a motion for summary judgment. *See, e.g.*, *Lawrence v. Bonaventure of Castle Rock*, No. 22-cv-01143-WJM-KLM, 2022 WL 17960556, at *3 (*Bonaventure I*) (D. Colo. Dec. 27, 2022) (citing *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006); *Trusdale v. Bell*, 85 F. App'x 691, 693 (10th Cir. 2003)), *report and recommendation adopted* 2023 WL 6976050 (*Bonaventure II*) (D. Colo. Oct. 23, 2023).

Here, the Court considers the exhibits attached to Plaintiff's Complaint. *Statement of Claims* [#1-2]; *Exhibits* [#1-3]. The Court also takes judicial notice of Plaintiff's felony convictions and his disbarment from the practice of law in Colorado, which are matters of public record and which Defendant attached to its Motion to Dismiss. *See People v. Lawrence*, No. 19PDJ061, 2019 WL 8503308, at *1 (Colo. O.P.D.J. 2019); *Order Denying Reinstatement* [#12-2]; *Decision and Order Imposing Sanctions* [#12-4]. Additionally, the Court takes judicial notice of Plaintiff's other complaints filed in the District of Colorado [#12-5, #12-6, #12-7] and in state district court [#12-8]. However, the Court declines to consider Plaintiff's emails with the School District regarding the background check information request [#12-11, #12-14]; the CBI and FBI background checks [#12-12, #12-13]; or Plaintiff's Job Application Pre-Screening Questions [#12-9] and Oath [#12-10] because those documents are not central to Plaintiff's claims. *Cf. GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) (concluding

5

that a letter attached to a motion to dismiss was central to the complaint where the amended complaint referenced and quoted from the letter). Simply put, none of those documents are central to Plaintiff's claims about a purported policy or the policy's purported disparate impact. *Cf. Harris v. City and County of Denver*, No. 19-cv-00572-MEH, 2019 WL 6876870, at *5 (D. Colo. Dec. 17, 2019) (declining to consider body camera footage attached to a motion to dismiss because it was "not central to the Plaintiffs' claims for unlawful entry, search, and seizure" but simply "illustrate[d] 'confusion'" among the on-scene officers), *reversed on other grounds by Harris v. Mahr*, 838 F. App'x 339 (10th Cir. 2020); *but cf. Fortier v. N.M. Hum. Servs. Dep't*, No. 16-482 SCY/WPL, 2017 WL 3017167, at *10 n. 6 (D.N.M. Apr. 10, 2017) (considering letter attached to a motion to dismiss because it provided the basis for one of the plaintiff's administrative appeals arising from a denied application for a governmental program).

### III. Analysis

Defendant argues that Plaintiff's Complaint [#1] should be dismissed because (1) he did not plausibly allege a particular policy or practice; (2) he did not plausibly allege a significant disparate impact on a protected group; and (3) he cannot show that Defendant's decision to conduct background checks beyond seven years is not supported by business necessity. *Motion* [#12] at 5-8.

Plaintiff's Response [#14] reiterates the theory of the case set forth in Plaintiff's Complaint [#1] and Statement of Claims [#1-2]. *See Response* [#14] at 1-6 (arguing that Defendant does not know how to properly use a background check; that no business justification exists to exclude anyone with an arrest record; that such a policy would violate Title VII; and that Title VII provides an important judicial remedy for discrimination). He

6

argues that he has plausibly alleged a disparate impact claim; that the futility doctrine excuses him from exhausting his administrative remedies; and that the Court found his Complaint [#1] stated a claim when it granted him leave to proceed *in forma pauperis*. *Id.* at 6-10.

### A. Pleading Disparate Impact

Under Title VII of the Civil Rights Act of 1964, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e–2(a)(1). Title VII prohibits two types of discrimination: disparate impact and disparate treatment. *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1186 (10th Cir. 2006). Disparate treatment claims involve less favorable treatment by an employer due to an individual's race, color, religion, sex, or national origin, while disparate impact claims "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977) (quoted in *Carpenter*, 456 F.3d at 1187). Notably, "[p]roof of a discriminatory motive . . . is not required under a disparate-impact theory." *Id.*

"A plaintiff purporting to assert a disparate impact claim faces a formidable pleading burden." *Grider v. City and County of Denver*, No. 10-cv-00722-MSK-MJW, 2011 WL 721279, at *4 (D. Colo. Feb. 23, 2011). "To establish a prima facie case of disparate impact discrimination, [a] plaintiff must prove a 'specific identifiable employment practice or policy caused a significant disparate impact on a protected group.'" *Chavez v. Coors*

7

*Brewing Co.*, 176 F.3d 488 (table), 1999 WL 162606, at *3 (10th Cir. 1999) (citation omitted). "A prima facie showing of disparate impact is 'essentially a threshold showing of a significant statistical disparity[.]'" *E.E.O.C. v. Columbine Health Sys., Inc.*, No. 15-cv-01597-MSK-CBS, 2017 WL 4163354, at *3 (D. Colo. Sept. 19, 2017) (quoting *Ricci v. DeStefano*, 557 U.S. 557, 587 (2009)). "[S]tatistical disparities between non-protected and protected groups must be substantial to raise an inference of causation." *Id*. (citing *Watson v. Fort Worth Bank and Tr.*, 487 U.S. 977, 994-95 (1988)).

**B.     Specific Employment Policy**

Here, Plaintiff fails to plausibly allege the existence of a specific employment policy. He claims that Defendant "apparently has an employment policy that bars employment to anyone who has ever been arrested." *Statement of Claims* [#1-2], ¶ 14. This allegation is conclusory and implausible because it is supported only by Defendant's refusal to hire one person—Plaintiff—purportedly based on three arrests identified in his criminal background check, which he refused to explain. *Id*., ¶¶ 9, 11. The Court cannot reasonably infer that this policy exists from a single incident. *See, e.g.*, *Randle v. City of Aurora*, 69 F.3d 441, 447 (10th Cir. 1995) (finding that the plaintiff's "failure to allege the existence of similar discrimination as to others seriously undermines [his] claim that the City maintained a custom of discriminatory personnel practices"); *Desai v. Garfield Cnty. Gov't*, No. 2:17-cv-00024-JNP-EJF, 2018 WL 1627205, at *4 (D. Utah Feb. 16, 2018) (recommending dismissal of Title VII claim as implausibly pleaded where the plaintiff had alleged that the county government had a policy of hiring "local whites" or "local white young women only" but his complaint "fail[ed] to include facts that tend to support the

existence of such a policy"), *report and recommendation adopted* 2018 WL 1626521 (D. Utah Mar. 30, 2018).

Moreover, Plaintiff's own allegations belie the existence of a purported policy or practice not to hire people who have been arrested. Specifically, Plaintiff alleged, "[b]ecause the plaintiff refused to explain the arrests to the defendant, the defendant school district withdrew its offer of employment to the plaintiff." *Statement of Claims* [#1-2], ¶ 11. At most, Plaintiff alleges that Defendant has a policy of refusing to hire applicants who refuse to explain past arrests, but Plaintiff does not allege that such a policy has a disparate impact on Hispanics or members of other minority groups.

**C.     Causation**

Even if the Court were to accept Plaintiff's framing of Defendant's policy, Plaintiff fails to state a disparate impact claim because he has not plausibly pleaded causation. He must show that the practice "has caused the exclusion of applicants for jobs . . . because of their membership in a protected group." *Watson*, 487 U.S. at 994.

Defendant argues that Plaintiff's reliance on statistical evidence does not plausibly state a disparate impact claim. *See Motion* [#12] at 7. "Statistical evidence is an acceptable, and common, means of proving disparate impact." *Carpenter*, 456 F.3d at 1196. However, those statistics must relate to the proper population: "For example, when the claim is disparate impact in hiring, the statistics should be based on data with respect to persons qualified for the job." *Id.* (citations omitted). Thus, "absent a close fit between the population used to measure disparate impact and the population of those qualified for a benefit, the statistical results cannot be persuasive." *Id.* at 1197. Courts consistently require that "statistical evidence submitted to prove employment discrimination bear a

9

direct relationship to the specific charge that is being tried." *Coe v. Yellow Freight Sys., Inc.*, 646 F.2d 444, 452 (10th Cir. 1981); *see also Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 308 (1977) (holding that the "proper comparison" in a disparate impact case was between the racial composition of the school district's staff and that of the population of qualified public school teachers in the relevant labor market); *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1054-55 (10th Cir. 2020) (finding that plaintiffs' statistical evidence about the pool of defendant's laid off employees and new hires was sufficient for their age discrimination disparate impact claim to survive motion to dismiss).

Here, however, Plaintiff's only allegation of alleged disparate hiring is Defendant's refusal to hire Plaintiff himself. "A sample of one is too small to demonstrate significant impact," and Plaintiff has not alleged that even a single other Hispanic person has been impacted by this alleged policy. *Drake v. City of Fort Collins*, 927 F.2d 1156, 1161 (10th Cir. 1991) (citing *Thomas v. Metroflight, Inc.*, 814 F.2d 1506, 1509 (10th Cir. 1987) (stating that two incidents were insufficient to prove a Title VII disparate impact claim)); *see Bonaventure I*, 2022 WL 17960556, at *5 (dismissing this plaintiff's nearly identical disparate impact theory against another employer for failure to plausibly allege that the defendant's "alleged policy has resulted in the refusal to hire a disparate number of Hispanic workers").

Moreover, Plaintiff's proffered nationwide and statewide statistical evidence does not render his claim plausible. *See Statement of Claims* [#1-2], ¶¶ 18-19 (citing national EEOC data), 20-22 (citing statewide Colorado data). Neither data set "relate[s] to the proper population," i.e., persons qualified for the job Plaintiff sought, and there is no "close

10

fit" between the nationwide or statewide population and the population of qualified employees. *Carpenter*, 456 F.3d at 1196. "[S]tatistics based on an applicant pool containing individuals lacking minimal qualifications for the job would be of little probative value." *Watson*, 487 U.S. at 997. Thus, Plaintiff's statistical results fail to plausibly demonstrate that Defendant's purported employment practice—if it even exists—has a disparate impact. *Id.*; *see also Desai*, 2018 WL 1627205, at *4 ("[C]onclusory statements that such a policy exists coupled with statistics about the racial, ethnic, and religious makeup of the county does not meet the *Twombly* plausibility standard.") (citing *Iqbal*, 556 U.S. at 678).

In sum, Plaintiff has failed to plausibly plead the existence of a "specific identifiable employment practice or policy [that] caused a significant disparate impact on a protected group." *Carpenter*, 456 F.3d at 1193. He has thus failed to state a disparate impact claim. Therefore, the Court **recommends** that Plaintiff's claim be **dismissed** on this basis.

D.   **Exhaustion of Remedies**

Alternatively, Defendant seeks dismissal for failure to exhaust administrative remedies. *Motion* [#12] at 8-9. Title VII "'specifies with precision' the prerequisites that a plaintiff must satisfy before filing suit." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (quoting *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). In relevant part, a plaintiff must file a charge "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Ordinarily, a plaintiff cannot bring a Title VII action "based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194-95 (10th Cir. 2004) (internal quotation omitted). Failure to

11

exhaust administrative remedies is not a jurisdictional bar to suit; rather, it is an affirmative defense that "may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint." *Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

Here, Plaintiff's failure to exhaust administrative remedies is apparent from the four corners of his Complaint [#1]. *See Compl.* [#1] at 4 (Plaintiff indicating that he did not "file a charge of discrimination against defendant(s) with the Equal Employment Opportunity Commission or any other federal or state agency" and that he has not "received a notice of right to sue"). Plaintiff claims that EEOC staff told him that they "cannot do an intake interview within the next nine months" and that "they would not have the staff to engage in an investigation of the plaintiff's claims against the defendant within 300 days of the complained-of conduct." *Statement of Claims* [#1-2], ¶ 45. He argues that the futility doctrine excuses the administrative review requirement, citing the same overruled and inapposite Tenth Circuit case that he relied upon in *Lawrence v. Bonaventure of Castle Rock*, Case No. 22-cv-01143 (D. Colo.). *Id.*, ¶ 47 (citing *Hansbury v. Regents of Univ. of Cal.*, 596 F.2d 944 (10th Cir. 1979), *overruled by Garcia v. Wilson*, 731 F.2d 640 (10th Cir. 1984), and *disapproved by Jackson v. City of Bloomfield*, 731 F.2d 652 (10th Cir. 1984)). *Hansbury*, however, has nothing to do with a failure to exhaust administrative remedies (the issue in this case); rather, it concerns a futility doctrine under which a "plaintiff need not file [job] applications in order to have standing to assert a Title VII claim, if doing so would be futile" (*not* the issue in this case). *Hansbury*, 596 F.2d at 948; *see also Bonaventure II*, 2023 WL 6976050, at *4 (noting this Plaintiff's apparent confusion between "the futile gesture doctrine, whereby a plaintiff need not file applications in order

to have standing to assert a Title VII claim, if doing so would be futile, with the concept that exhaustion of administrative remedies is not required if it would be futile."). Plaintiff cites no authority to support his argument that futility excuses his failure to exhaust administrative remedies. Therefore, Plaintiff's claim must be dismissed for failure to exhaust administrative remedies.

Accordingly, the Court recommends that Plaintiff's Complaint [#1] be **dismissed** for failure to state a claim and failure to exhaust administrative remedies. *See, e.g.*, *Cirocco*, 768 F. App'x at 855 (affirming dismissal of employment discrimination claims but remanding to the district court "to dismiss the case without prejudice based on the affirmative defense of failure to exhaust affirmative remedies").

E.   **Dismissal With or Without Prejudice**

Finally, Defendant argues that this dismissal should be with prejudice because of Plaintiff's "pattern of filing misleading documents with courts," "[c]onsistent with his other frivolous filings, his allegations against the School District . . . have no evidentiary support[,]" and "because granting leave to amend would be futile." *Motion* [#12] at 9; *Reply* [#15] at 2-3, 5. Defendant, however, does not substantiate its arguments concerning Plaintiff's "pattern[s]" of "misleading" or "frivolous" filings. Nevertheless, the Court finds that **dismissal with prejudice** is appropriate because Plaintiff failed to exhaust his administrative remedies, and the time to do so has long passed. Here, the alleged withdrawal of a job offer occurred on or around February 2, 2024. *See Statement of Claims* [#1-2] ¶¶ 9-12. Therefore, Plaintiff needed to file a notice of charge no later than three hundred days later, or December 20, 2024. *See* 42 U.S.C. § 2000e-5(e)(1). Because that window has closed, Plaintiff can no longer exhaust his administrative

13

remedies. Therefore, even if this case was dismissed without prejudice, it would have the effect of a dismissal with prejudice. *See*, *e.g.*, *VanHorn v. U.S. Postal Serv.*, No. 21-1067-DDC-GEB, 2022 WL 226276, at *7 (D. Kan. Jan. 26, 2022) (dismissing with prejudice claims belatedly filed after receipt of EEOC's right to sue letter) (citing *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (recognizing that "a dismissal without prejudice can have the practical effect of a dismissal with prejudice" if a claim is time-barred)); *see also Bonaventure II*, 2023 WL 6976050, at *3-4 (adopting recommendation to dismiss with prejudice for failure to exhaust administrative remedies). While Plaintiff contends that exhaustion would have been futile because the EEOC is understaffed, *see Statement of Claims* [#1-2], ¶¶ 45, 46, his contention is threadbare and unsupported.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that Defendant's Motion to Dismiss [#12] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and

14

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: February 18, 2025            BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge