IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00678-DDD-KAS

MICHAEL LAWRENCE,

    Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT NO. 5,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion for Sanctions** [#25] (the "Motion"), arguing that Defendant's Motion to Dismiss [#12] is frivolous and seeking Rule 11 sanctions. Defendant filed a Response [#27] in opposition to the Motion for Sanctions [#25], and Plaintiff filed a Reply [#28]. The Motion [#25] has been referred to the undersigned. *See Order Referring Motion* [#26]. The Court has reviewed the briefing, the case file, and the applicable law. For the following reasons, the Motion [#25] is **DENIED**.

**I. Background**

In this employment discrimination case, Plaintiff Michael Lawrence, who proceeds in this matter pro se,[1] alleges that Defendant Cherry Creek School District No. 5 offered

---

[1] Generally, the Court must liberally construe a pro se litigant's filings. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). However, this general rule does not apply to legally trained pro se litigants—even if they have been disbarred from practicing law. *Cf. McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) (stating that pro se plaintiff was "not entitled to have his filings liberally construed because he is a trained attorney.") (citing *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007)). Here, Plaintiff is a disbarred former attorney. *See People v. Lawrence*, No. 19PDJ061, 2019 WL 8503308 (Colo. O.P.D.J. Oct. 2, 2019) (denying this Plaintiff's petition for readmission to the practice of law). Therefore, the Court "see[s] no reason to hold [Plaintiff] to

him a job as a cook conditioned on passing a criminal background check, then rescinded its offer when his three prior arrests were revealed and he refused to explain them. *See Statement of Claim* [#1-2], ¶¶ 6-11. Plaintiff alleges that Defendant "apparently has an employment policy that bars employment to anyone who has ever been arrested." *Id.*, ¶ 14. Plaintiff, who also alleges he is Hispanic, contends that "barring people from employment based on nothing more than arrest records is a violation of Title VII." *Id.*, ¶¶ 15, 16 (citation omitted). He alleges that such policies have a disparate impact on minorities, who "are arrested far more often than the majority population[.]" *Id.*, ¶ 18. Defendant acknowledges that it rescinded the job offer but asserts that it did so because Plaintiff lied on his job application by stating "under the penalty of perjury" that "he had never been convicted of a felony" when, per his background check, "he was convicted of three felonies[.]" *Motion to Dismiss* [#12] at 3-4.

After Defendant moved to dismiss the Complaint [#1], Plaintiff filed his First Motion for Sanctions [#19] pursuant to Fed. R. Civ. P. 11, which the Court denied because of Plaintiff's apparent failure to comply with Fed. R. Civ. P. 11(c)(2)'s safe harbor provision. *See Minute Order* [#24] at 2. In connection with the present Motion [#25], Plaintiff appears to have cured that defect. *See Pl.'s Email to Opposing Counsel* [#25-1].

In response to the current Motion [#25], Defendant argues that Plaintiff has presented no legal or factual basis to award sanctions. *Response* [#27] at 4-5. Additionally, Defendant points to the Court's authority under Fed. R. Civ. P.11(c)(3) to order *Plaintiff* to show cause why sanctions should not be imposed against him, given his

---

a less stringent standard than other legally trained individuals." *McNamara*, 570 F. App'x at 743 n.2.

2

"needless[] duplicat[ion] of these proceedings," the "merit[less]" and unsubstantiated contentions on which he bases his lawsuit, and his "persistent attempts to bend [and "harass"] prospective employers to his will by leveraging the costs of litigation in his favor [without] any reasonable justification." *Id*. at 5-7. For the following reasons, Plaintiff's Motion [#25] is **denied**.

## II. Legal Standard

Rule 11(c)(1) allows the court to impose sanctions on "any attorney, law firm, or party that violated the rule" after notice and a reasonable opportunity to respond. "[T]he central purpose of Rule 11 is to deter baseless filings in district court," and district courts have "broad discretion to impose Rule 11 sanctions[.]" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 407 (1990).

To impose Rule 11 sanctions, the Court must first find that a pleading, written motion, or other paper violates Rule 11. *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019). To avoid sanctions, a litigant's conduct must be objectively reasonable. *Id*. at 1320 (citing *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988)). The objective reasonableness standard "applies whether the person against whom sanctions are sought is an attorney, a pro se litigant, or both." *McCormick v. City of Lawrence, Kan.*, 218 F.R.D. 687, 690 (D. Kan. 2003) (citing *Wesley v. Don Stein Buick, Inc.*, 184 F.R.D. 376, 378 (D. Kan. 1998)). For a legally trained litigant, the standard is "whether a reasonable and competent attorney would believe in the merit of an argument." *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991).

Under Fed. R. Civ. P. 11(b)(2) and (b)(3), by filing a motion with a court, "an attorney or unrepresented party certifies that to the best of the person's knowledge,

3

information, and belief," "the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that "the factual contentions have evidentiary support." Legal contentions are "frivolous," and thus sanctionable under Rule 11, when the party advancing them has not made reasonable inquiry into the governing law or the relevant facts. *Cf. Greeley Publ'g. Co. v. Hergert*, 233 F.R.D. 607, 611 (D. Colo. 2006) (citations omitted). However, the Rule 11 standard is difficult to satisfy because a zealous advocate "can be rather aggressive and still be reasonable." *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1182 (10th Cir. 2015).

### III. Analysis

Plaintiff argues that Defendant's Motion to Dismiss [#12] is frivolous, not warranted by existing law, and therefore sanctionable under Rule 11. *Motion* [#25] at 1-2. The Court disagrees.

On February 18, 2025, the Court issued a Recommendation [#29] that Defendant's Motion to Dismiss [#12] be granted and that Plaintiff's Complaint [#1] be dismissed with prejudice. In reaching that conclusion, the Court reasoned that "Plaintiff fails to plausibly allege the existence of a specific employment policy." *Recommendation* [#29] at 8. The Court also reasoned that Plaintiff's claim that Defendant "bars employment to anyone who has ever been arrested" is "conclusory and implausible because it is supported only by Defendant's refusal to hire one person—Plaintiff—purportedly based on three arrests identified in his criminal background check, which he refused to explain." *Id*. The Court also noted that Plaintiff's own allegations that Defendant withdrew the employment offer when he *refused to explain* his prior arrests belie his allegation of a purported policy or

4

practice not to hire people who have been arrested. *Id*. at 9. Additionally, the Court reasoned that "Plaintiff's proffered nationwide and statewide statistical evidence [concerning arrests of majority and minority populations] does not render his [disparate impact] claim plausible." *Id*. at 10-11. Finally, the Court recommended that Plaintiff's claims be dismissed with prejudice because of his failure to exhaust his administrative remedies, which he attempted to excuse with "threadbare and unsupported" allegations of chronic understaffing at the Equal Employment Opportunity Commission which would have rendered any exhaustion attempts futile. *Id*. at 11-14.

In sum, the Court recommended dismissal with prejudice because of Plaintiff's failure to plausibly allege a disparate impact claim and his failure to exhaust administrative remedies—the two reasons Defendant relied upon in its Motion to Dismiss [#12]. Defendant's zealous advocacy was objectively reasonable and did not run afoul of Rule 11. Accordingly, the Motion [#25] is **denied**.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#25] is **DENIED**.

Dated: February 19, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge